**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:23-cv-14943 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED PARCEL SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

---

## COMPLAINT

**NOW COMES** Plaintiff, Nicholas Cooper ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against United Parcel Service, Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") seeking redress for Defendant's interference with Plaintiff's FMLA rights and Defendant's retaliation for Plaintiff requesting and utilizing his FMLA rights.

2. This lawsuit further arises under the Illinois Worker's Compensation Act (820 ILCS 305/) ("IWCA") seeking redress for Defendant's wrongful denial of Worker's Compensation Coverage and Defendant's retaliation against Plaintiff for requesting Worker's Compensation benefits.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action

is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

4.      Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

5.      This Court has pendent jurisdiction and supplementary jurisdiction of Count III through 28 U.S.C. §1367.

## PARTIES

6.      At all times material to the allegations of this Complaint, Plaintiff, Nicholas Cooper, resides in Cook County in the State of Illinois.

7.      At all times material to the allegations in this Complaint, Defendant, United Parcel Service, Inc. is a corporation doing business in and for Cook County at 1500 S Jefferson, Chicago, IL 60607.

8.      During the applicable limitations period, Defendant has had at least fifty employees within a 75 mile radius, and has been an "employer" as defined by 29 U.S.C. §2611(4).

9.      At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

10.     Plaintiff was employed by Defendant as an "employee" within the meaning of (820 ILCS 305/) Illinois Workers' Compensation Act.

11.     During the applicable limitations period, Defendant has had at least had at least one employee, has been an "employer" as defined by (820 ILCS 305/) Illinois Workers' Compensation Act.

## BACKGROUND FACTS

12.     Plaintiff began working for Defendant as a Loader in or around November 1999.

2

13.     As a Loader, Plaintiff was responsible for loading the trucks and ensuring quality control.

14.     Plaintiff was qualified and able to perform the essential functions of his job, with or without reasonable accommodation.

15.     On or about July 13, 2022, Plaintiff was loading a trailer when the driver of the trailer aggressively backed into him, causing a back and shoulder injury.

16.     Plaintiff immediately informed management about his work injury.

17.     Because Plaintiff had a previously approved vacation from July 13, 2022 to July 20, 2022, Plaintiff elected to take this vacation in order to seek medical care for his work injury, and management agreed that this was the right course of action.

18.     Plaintiff received treatment for his work injury and was diagnosed with shoulder pain and cervical spondylosis with right radiculopathy.

19.     On his very first day back at work, Plaintiff dutifully gave all of his medical records to management.

20.     Plaintiff requested an injury meeting to discuss his injury and whether Worker's Compensation benefits would be available, as Plaintiff could not yet begin working due to his injury.

21.     However, instead of engaging in an interactive process with Plaintiff and providing him Worker's Compensation information as they are legally required to do, Defendant told Plaintiff that no union representative was available and the meeting could not be conducted.

22.     Thereafter, without reason, Defendant told Plaintiff that he would be designated as a no-call, no-show and security was on the way to escort him out of the building.

23. Having security escort Plaintiff out was incredibly unnecessary, as Plaintiff was not causing any disturbance, and was intentionally done to humiliate Plaintiff.

24. This action left Plaintiff deeply embarrassed and disheartened.

25. Because Plaintiff had not been offered Worker's Compensation benefits or given FMLA information, Plaintiff was forced to report to work against doctor's orders.

26. Despite Plaintiff showing up every day on time for his scheduled shifts, Defendant began retaliating against Plaintiff.

27. Every shift that Plaintiff worked from July 20, 2022 to July 27, 2022, Plaintiff was sent home early.

28. Other similarly-situated employees were not sent home early.

29. Further, Plaintiff began to experience hostility from his shift supervisor, Rudy (LNU), who would publically cuss at and belittle Plaintiff.

30. Plaintiff filed written complaints detailing the above retaliation.

31. Defendant took no action to remedy the situation or even investigate Plaintiff's complaints.

32. On or about July 28, 2022, Plaintiff was finally given the opportunity to have a meeting regarding his work injury.

33. During this meeting, Plaintiff requested time off in order to treat his injuries, and inquired as to whether he could use Worker's Compensation or FMLA to cover this time off.

34. Plaintiff was given FMLA information and filled out an application through Heartford Leave Management.

35. Plaintiff was subsequently told by manager Roberto (LNU) that his FMLA leave

4

had been approved.

36. However, Plaintiff never had the chance to utilize this FMLA leave, because on or about August 6, 2022, Plaintiff was terminated via text message.

37. Defendant heartlessly terminated Plaintiff via text after Plaintiff dedicated more than 20 years of passionate service and hard work to the company.

38. Adding insult to injury, Defendant was denied a rehire meeting.

39. Throughout the entire duration of his employment, Plaintiff met or exceeded Defendant's performance expectations, as evidenced by the lack of write ups and negative performance remarks.

40. Plaintiff was given no reason for this termination.

41. Thereafter, Plaintiff was sent false letters indicating that he had taken unauthorized absences of leave.

42. Upon information and belief, these false letters were used along with a false no-call, no-show statement during an unemployment claim hearing to deny Plaintiff unemployment benefits.

43. Defendant therefore actively interfered with Plaintiff's ability to receive unemployment benefits, egregiously retaliating against Plaintiff and causing him further damage.

44. Plaintiff engaged in protected activity by requesting FMLA leave and Worker's Compensation benefits.

45. Plaintiff was terminated in retaliation for requesting FMLA leave and Worker's Compensation benefits.

46. Plaintiff continues to suffer financial hardship and mental anguish due to

Defendant's retaliation, wrongful FMLA interference, wrongful Worker's Compensation denial, and wrongful termination of his employment.

**COUNT I**
**Violation of the Family and Medical Leave Act**
**(FMLA Interference)**

47. Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

48. Beginning in or about July of 2023, Plaintiff was eligible for FMLA leave.

49. At all times material, Plaintiff gave proper notice to his employer by informing them of his work injury, which required Plaintiff to take time away from work.

50. Defendant controlled Plaintiff's work schedule and conditions of employment.

51. Plaintiff provided enough information for his employer to know that Plaintiff's potential leave may be covered by the FMLA.

52. Defendant interfered with Plaintiff's rights under the FMLA by refusing to provide Plaintiff with FMLA information, failing to approve his FMLA leave, and ultimately, terminating Plaintiff for attempting to utilize FMLA leave.

53. Defendant acted in willful and reckless disregard of Plaintiff's protected rights by intentionally interfering with Plaintiff exercising his FMLA leave.

54. As a direct and proximate result of the interference described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of the Family and Medical Leave Act**
**(FMLA Retaliation)**

55. Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

6

56. Defendant terminated Plaintiff after Plaintiff provided notice of a request for FMLA leave.

57. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for attempting to utilize FMLA leave.

58. Plaintiff's request for FMLA leave was a direct and proximate cause of Plaintiff's termination.

59. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of (820 ILCS 305/) Illinois Workers' Compensation Act**
**(Retaliatory Discharge)**

60. Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

61. It is illegal for an employer to harass, discharge, refuse to rehire, or discriminate in any way against an employee for exercising his rights under the IWCA.

62. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and retaliated against Plaintiff for attempting to utilize worker's compensation benefits, in violation of (820 ILCS 305/) Illinois Workers' Compensation Act.

63. As such, Plaintiff engaged in protected conduct by attempting to exercise his rights and was protected against unlawful retaliation by Defendant under the IWCA.

64. Plaintiff suffered an adverse employment action for attempting to exercise his rights and use workers' compensation coverage, specifically, being sent home early, being subject to unwarranted ridicule, and being terminated after more than 20 years of service to Defendant.

65. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the work injury, seeking medical care, and attempting to utilize workers' compensation coverage.

66. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation the IWCA.

67. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

      a. Back pay with interest;

      b. Payment of interest on all back pay recoverable;

      c. Front pay;

      d. Loss of benefits;

      e. Compensatory and punitive damages;

      f. Reasonable attorneys' fees and costs;

      g. Award pre-judgment interest if applicable; and

      h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 16th day of October, 2023.

/s/ *Alexander Taylor, Esq.*
**ALEXANDER TAYLOR, ESQ.**
IL Bar No.: 6327679
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 272-1942
Fax (630) 575 - 8188
ataylor@sulaimanlaw.com
*Attorney for Plaintiff*